**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 09 2020

JEFFREY P. COLWELL
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____
(To be supplied by the court)

_____Maria Montoya_____, Plaintiff

v.

Colorado Department of Corrections
Director Dean Williams, et al.

_____,

_____, Defendant(s).

(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.*)

---

## PRISONER COMPLAINT

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## A. PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Maria Montoya 128065 DWCF P.O. Box 392005
(Name, prisoner identification number, and complete mailing address)

N/A
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

- ___ Pretrial detainee
- ___ Civilly committed detainee
- ___ Immigration detainee
- _X_ Convicted and sentenced state prisoner
- ___ Convicted and sentenced federal prisoner
- ___ Other: (*Please explain*) _____

## B. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: Dean Williams, Director
(Name, job title, and complete mailing address)

1250 Academy Park Loop, CS, Co 80910

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (*check one*). Briefly explain:

_____

_____

Defendant 1 is being sued in his/her _X_ individual and/or _X_ official capacity.

2

Defendant 2: **Dr. Brodeur, CDOC Doctor**
(Name, job title, and complete mailing address)

1250 Academy Park Loop C.S., Co. 80910

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (*check one*). Briefly explain:

_____

_____

Defendant 2 is being sued in his/her _X_ individual and/or _X_ official capacity.

Defendant 3: **Warden Ryan Long**
(Name, job title, and complete mailing address)

1250 Academy Park Loop, CS. 80910

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (*check one*). Briefly explain:

_____

_____

Defendant 3 is being sued in his/her _X_ individual and/or _X_ official capacity.

## C. JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

_X_ 42 U.S.C. § 1983 (state, county, and municipal defendants)

___ *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

___ Other: (*please identify*) _____

3  3  A

4. **JANET SMITH - AIC**
Address 1250 Academy Park Loop, Colorado Springs, Co. 80910. At the time the claims(s) in this complaint arose, was this defendant acting under color of state or federal law? Yes.

5. **ADRIENNE JACOBSON - LEGAL**
Address 1250 Academy Park Loop, Colorado Springs, Co. 80910. At the time the claims(s) in this complaint arose, was this defendant acting under color of state or federal law? Yes.

6. **BRIAN SCOTT - SECURITY**
Address 1250 Academy Park Loop, Colorado Springs, Co. 80910. At the time the claims(s) in this complaint arose, was this defendant acting under color of state or federal law? Yes.

7. **PATRICIA VANDERKMEK - HSA**
Address 1250 Academy Park Loop, Colorado Springs, Co. 80910. At the time the claims(s) in this complaint arose, was this defendant acting under color of state or federal law? Yes.

8. **N.P. TIFFANY WEARY - PROVIDER**
Address 1250 Academy Park Loop, Colorado Springs, Co. 80910. At the time the claims(s) in this complaint arose, was this defendant acting under color of state or federal law? Yes.

9. **MAJOR BATES - PROGRAMS**
Address 1250 Academy Park Loop, Colorado Springs, Co. 80910. At the time the claims(s) in this complaint arose, was this defendant acting under color of state or federal law? Yes.

10. **Mr. CRANDICT - TEACHER**
Address 1250 Academy Park Loop, Colorado Springs, Co. 80910. At the time the claims(s) in this complaint arose, was this defendant acting under color of state or federal law? Yes.

11. **MAJOR REAUX - Major - Committee**
Address 1250 Academy Park Loop, Colorado Springs, Co. 80910. At the time the claims(s) in this complaint arose, was this defendant acting under color of state or federal law? Yes.

12. **CASE MANAGER TEAM -**
Address 1250 Academy Park Loop, Colorado Springs, Co. 80910. At the time the claims(s) in this complaint arose, was this defendant acting under color of state or federal law? Yes.

13. Address 1250 Academy Park Loop, Colorado Springs, Co. 80910. At the time the claims(s) in this complaint arose, was this defendant acting under color of state or federal law? Yes.

14. **CT OFFICALS - & STAFF**
Address 1250 Academy Park Loop, Colorado Springs, Co. 80910. At the time the claims(s) in this complaint arose, was this defendant acting under color of state or federal law? Yes.

15. **A. ABEYTA - MENTAL HEALTH**
Address 1250 Academy Park Loop, Colorado Springs, Co. 80910. At the time the claims(s) in this complaint arose, was this defendant acting under color of state or federal law? Yes.

3 B

**D.   STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: _____: 1st, 8th and 14TH Amendments, Americans With Disability Act, Rehabilitation Act, 42 U.S.C 12102; 29 USC 29-794 (d) and 705 (9)(B), 29 CFR 1630.2 (h)(2)(i) and ADA; 1990- 42 USC 12101; CRIPA, Colorado Department of Corrections Administrative Regulations 700-02, 7700-15, etc.

See next page.

Defendants Dean Williams, Defendant, Dr. Brodeur, ~~Defendant Teani~~ TRAVIS TEANI, Defendant Janet Smith, & Defendant Adrienne Jacobson, Defendant Warden Ryan Long, Defendant Major Brian Scott, Defendant Patrica Vandermark (HSA), Medical Providers especially Defendant Neary all failed to provide written policies, practices, & procedures as outlined in C.R.S's, the Colorado Constitution, ADA Title II, and failed to follow even their own Administrative Regulations ▓▓ their position and authority required them to enforce and failed to provide for the disabled blind/sight impaired offenders that are under their care and supervision. I was taken to specialist but DWCF and CDOC medical ignored what was said. I am not white, I am Hispanic and can't get even basic accommodations that white offenders, ▓▓ are liked, have. I am given ▓▓ OCA's ▓▓ no one wants that lie, steal and do not their job. Defendants do not even follow basic standards set down by the medical board even when it poses no risk to security I am denied the items that would assist in every day living. Staff and Administration ignoring Director Williams 'Normalization Plan' which allows disabled blind/sight impaired offenders to function and should allow palliative care items and equipment. If CDOC does not want to pay for these items there are organizations that will donate to disabled offenders. There are no simple palliative care appliances/equipment allowed under the current Administrative Regulations this failure to plan and implement causes me to not be able to function, get a job or take part in programs, services or activities. I am given an OCA to transport me and lead me around like a dog. I have only been allowed one class in over 2 years. I could function if I had proper equipment like a computer so I don't have to depend on other offenders to even write letters to my family. I am denied the even the small number or accommodations ADA sells to offenders because of the high prices I can't even afford simple things like a talking watch which they give to some offenders. This obvious racism is blatant and I see it in all the accommodations I am provided. Defendants do not allow medical to prescribe palliative care items (i.e. hot water bottles, screw on ice bags with protective covers for ice packs) and instead try to turn offenders into ▓▓ addicts dispensing medication by the hand full. I don't need to be drugged up, I need accommodations that will keep me safe like getting meal delivered in inclement weather or medication in unit when it is snowing and side walks are icy so I don't fall. Defendants have documented since 2018 of my blindness and disabilities but have done next to nothing to help me. I have meetings where I can't even hear what they are whispering and can't see their faces with no one to verify what is really said or happens since I am not allowed an offender to represent me. To make my claim simple you need to know that defendants neither planed for nor provided for blind/sight impaired offenders or their disabilities and continue to ignore me and my needs. With the news media constantly talking about the disabled it is unfathomable ▓▓ we are ignored and just pushed aside to rot in our cells. My brain continues to deteriorate and I am not safe because there is no housing where the disabled are segregated but included in the unit. I am in unit 1 the incentive unit but nothing is done so I can take part in programs, services, and activities.

I am asking at least 1 million dollars for defendants failure to provide from me as a blind offender under their care. Or they can release me if they do not want to take care of me.

all Defendants are being Sued in His/Her Individual and/or Official Capacity.

4(A)

Nature and extent of the injury:

I am a blind offender that falls down due to disabilities; is sleep deprived; suffers from anxiety and depression due to defendants failure to provide safe housing, appropriate mental health counseling to the point my physical health is affected. Defendants refuse to allow me job I am qualified for and that other blind offenders are allowed and threatens me if I don't do a job that endangers my safety and health. Defendants continue to violate my Constitutional Rights, Title 11 and deny me ADA accommodations allowed other offenders.

**Claim 1:** Defendants: Director Dean Williams, Defendant Dr. Brodeur, Warden Ryan Long, Major Brian Scott, Defendant Dr. Brodeur, N. P Neary all failed to protect me in providing safe housing and to accommodate my medical & mental health needs. Will provide examples and evidence when counsel is appointed.

I have written numerous letters to Defendant Director Williams & HQ doctor but received no response. I filed grievances on issues I have presented below and had countless meetings where nothing is resolved in my favor or to accommodate my sight and physical disabilities. I am refused notes of these meeting nor am I allowed to tape record meetings for accuracy or even allowed an offender OCA to take notes and be a witness.

1. Director Dean Williams, Defendant Dr. Brodeur, Defendant Warden Long & Major Scot have not designed protective housing. I am afraid/insecure because I do not feel save-there is no adequate housing to protect me as a disabled offender. Can not use day room because there is nothing separating the disabled from general population offenders who could injure & abuse me.

2. Director Dean Williams, Defendant Dr. Brodeur, Defendant Warden Long, Major Scott, Vandermark, N. P. Neary has failed to accommodated my severe balance problems due to lack of sight; there is no accommodations given or equipment allowed to help me become more stable despite multiple advertised equipment that improves balance.

3. CDOC/DWCF's Director Dean Williams, Defendant Warden Long & Defendant Major Scott failure to provide a policy & procedure to allow me as a handicapped offender to participate in the Federal Government's 'Free Mail for Blind and Handicapped' prevents me from being able to mail braille out to school and others. I live on state pay and can't even afford to purchase hygiene or medications I need. Other state facilities allow offenders to participate in this Federal program open to all citizens of the US, it doesn't matter if one is incarcerated just need to be blind or handicapped.

4. Director Dean Williams, Defendant Dr. Brodeur, Warden Long, Major Scott, Vandermark, N. P. Neary & Medical continue to show Deliberate Indifference and deny me needed appliances, medical treatment, and appliances related to my disabilities, sight & mobility. (I constantly fall down).

5. N. P. Neary, AIC Janet Smith & Legal, Adrienne Jacobson, along with medical HSA Vandermark and Defendant Major Scott, etc. all attended staffing in medical and had the authority to approve medical appliances & palliative care items such as slip on shoes; talking watch; soap on a rope; large button calculator or talking calculator; free backpack; hygiene for indigent who live on less than $8.00 per month; large cups with handle and bowls with handle and ergonomic cutlery but failed to accommodate my medical & disability needs.

6. When Janet Smith did provide a palliative care items it is so ridiculous it is almost an insult, she gave me a child slurpie drinking cup for a child under 1 years old, the lid did not even stay on it was so cheap. The failure to provide appropriate OCA's that don't steal from me or lie about me continues to go on. I am not the only disabled offender to complain about OCA/'s but we are ignored. OCA's pass drugs, go into other units illegally, don't show up for work and have no accountability. CDOC/ DWCF don't want to pay for palliative care items but they will not let us receive donations. Money can not be put into inmate account because donor does not know how it will be spent therefore there must be an account where a disabled offender can get needed catalog or canteen donated. If I was in the free world I would be allowed assistance.

4 (B)

7.      Director Dean Williams, Defendant Dr. Brodeur, Janet Smith, Adrenaline Jacobson, Defendant Warden Long & Defendant Major Scott did not implement a policy thereby denying me taking part in the Federal Government program that allows Free Mail for Blind and Handicapped for no legitimate penological reason. Thus I could not afford to send in my Hadley School for the Blind homework or to others. Nor was I allowed to purchase 11 ½ by 11 envelopes to send braille; or send out correspondence in Braille or 14 point print

8.      Defendant Warden Long, Defendant Major Scott and Major Gates as head of education department refuse to allow a Braille classes even though DWCF has an offender that is qualified to teach braille; but she is not authorized to teach a braille class even under Defendant Director Williams new Normalization Plan allows qualified offenders to teach classes/programs (Sterling and other Colorado facilities allow offenders to teach classes).

9.      DWCF Medical department still forces me to fight to get money charged for missed appointments. I can't read the med list and if I have a bad or lazy or careless OCA I miss medical appointments. Some times my OCA is not even from this unit so how can she tell me I am on medical list. Stop charging me for chronic care.

10. Janet Smith and Adrienne Jacobson refuse to allow me a tape recorders so I can tape what is said iin class. Other states allow blind/disabled offenders to have tape recorders under ADA guidelines. I must depend on OCA to take notes and some are barely literate. I need accurate notes for class

11. Mr. Craddict computer teacher told me when I showed up for assigned class that he was not set up for a blind student. This man is one of the two best teachers here at DWCF and I was denied access due to my disability. Solution. Provide me with a personal computer that has all the assignments and a book that I can scan into computer so I can read lessons. Not that difficult. I need to do this class in unit because it takes me longer to do the assignments. There are computer programs for the blind that read to you and direct you where to go. This violated my Constitutional right to participate in qualified class/program and Title II of ADA.

12. Defendant Director Williams, Defendant Warden Long, Defendant Major Scott as head of Security, Janet Smith and Adrienne Jacobson refuse to allow me a personal computer or computer for the disabled so I can write letters -communicate with family, medical, legal, etc. something offenders do daily. There are organizations that provides scholarships that I could apply for if I had a computer in my cell.

13.     Defendant Williams & Defendant Travis Trani was derelict in their not providing a policy, or planning and implementing for programs or ways for blind/ sight impaired offenders to take part in programs offered to offenders in CDOC. Nor were allowances made for equipment, appliances and technological advancements to assist blind/sight impaired offenders that are readily available and not costly. The policy seems to be give them an OCA to led them around like a dog and let their brains deteriorate. Actually the dogs in DWCF get more training than me as a disabled offender, they definitely are treated better.

14. Due to my being blind I can not see movies so do not take part in the DVD incentive unit program, can only listen to the DVD but don't know what is being show. There blind organizations that send out DVD movies that tell what is being shown but I am not allowed to receive these DVD's & movies because Defendants Director Williams and Defendant Travis Trani did not provide for this type of accommodation for the blind/sight impaired I am denied to take part in the programs offered to other offenders.

15. Medical & N. P. Neary failed to provide equipment that will help my balance problems even though balance boards are advertised on TV. In fact there is no special equipment for the disabled.

16. Defendant Williams, Defendant Trani, Defendant Defendant Warden Long, Defendant Major Scott all failed to provide a safe environment as a blind/sight impaired offender. I am at great physical risk when I have a cell mate (cell mates leave shoes and other items out for me to fall over-the risk of me breaking a hip or bone are great. ~~[redacted]~~ after COVID

4(c)

Pandemic I will again be housed bodily with a cell mate. Remedy, blind/sight impaired offenders should be housed alone to avoid serious life threatening injury. Also need a disabled unit were I can be safe from general population offenders but not punished.

17. Defendants: Williams, Defendant Trani, Defendant Defendant Warden Long, Defendant Major Scott, N. P. Neary and Vandermark all failed to provide provisions or policy for a housing medical unit that has an ice machine so when I falls down I have available ice for swollen and painful joints and body parts. Due to loss of vision I need to be single celled.

18. Janet Smith and Adrienne Jacobson refuse to provide palliative care items when I fall down i.e. ice (even when I go to medical I must use ice pack there and run the risk of falling again-usually I can't walk after falling; screw on ice bag & protective covering, will not allow a hot water bottle; or to eat in cell when inclement weather-hot above 85 degrees or cold below 60 degrees; not allowed to sit in sun even though I am deficient in vitamin D due to general population unit 1 in yard at same time, don't feel safe- need to be able to sit outside of unit for at least 30 minutes each morning;

19. Defendant Williams, Defendant Trani, Defendant Defendant Warden Long, Defendant Major Scott did not provide for outside organizations to donate palliative care items/equipment and canteen/catalog even though I can't afford to purchase needed medications on canteen.

20. Defendant Abeyta my mental health care provider does not have the capability or willingness or desire to assist with my sight loss.

21. Defendant Defendant Warden Long, Defendant Major Scott, Ms. Vandermark and N. P. Neary force me to stand med line for hours to get my medication. They have implemented the rule that self meds can only be picked up on Saturday directly after 10:30 AM count so you have over 200 offenders running down to med line. They no longer allow the disabled to go to front of line; this is dangerous and can be unsafe; could causes unnecessary pain and suffering.

22. Defendant Williams, Defendant Trani, Defendant AIC Janet Smith & Defendant Adrienne Jacobson allow Smith to charge above the cost for ADA appliances & braille paper when family could purchase at Walmart at least a 50% reduction. I do not have the money to purchase ADA appliances on my state salary so am denied appliances & Braille paper.

23. Defendant Williams, Defendant Trani, Defendant Warden Long, Case Managers team and CI officials denied me educational opportunities (CI employees get special job training and education but because I am not allowed to be a CI employee I am denied this educational opportunity. Other CI positions are available at the men's facilities even for the blind/sight impaired.

24. Defendant Williams, Defendant Trani, Defendant Warden Long, Defendant Janet Smith & Defendant Adrienne Jacobson refuse to purchase an assistive device i.e. personal computer that will accommodate my blindness for communication, daily living, work and mental stimuli. Defendant Williams failed to put directive for blind offenders to have a personal computer so they can take part in programs, services and activities. I have requested a personal computer that has program for the blind (Jaws etc) that types what I dictate & reads to me so I can correct my documents. A computer does not even take as much electricity as a TV & could sit on my desk.

25. Defendant Williams, Defendant Trani, Defendant Janet Smith & Defendant Adrienne Jacobson denies me access to the law library due to my being blind/sight impaired because the CDOC law library doesn't have a speech recognition program that recognized accents nor does Law Library computer talk to you. I would settle for having another offender assist me with research in Law Library and then having the research put on flash drive to then be taken back to unit for me to use on my personal computer that has programs for the blind. CDOC Administrative Regulation 750-04 allows for tapes and electrical technology/appliances when accommodating a disability. I am not asking for CDOC to put in expensive law library computer programs to accommodate blind; just allow me to use personal computer in my unit because it takes me

more time (law library appointments are limited to two hours & my blindness makes me need more time). I can't hand write out legal documents because I can't see and should not have to use an OCA for writing or confidential medial or legal documents;

26. Accessories I need to accommodate my disabilities: a 3 Way video Switch box to hook up to my TV so I can change between hearing Air and Cable channels; it is sold by Walkenhorst the prison company that sells to prisons so you know it is not a security risk. I can't switch back and forth between Air and Cable channels due to limited splinter sold on CDOC canteen.

27.     I am not allowed to order movies from Blind organizations for the Blind that describe scenes that are on the screen but there is a DVD program that allows sighted offenders movies 4 times per week (2 movies each time).  There are only 3 blind/sight impaired offenders at DWCF we are ignored and our needs are not met even when it would cost CDOC next to nothing or nothing. CDOC has not adequately prepared for us, and AIC Janet Smith only gives to offenders she likes things to accommodate their disabilities. If your white you get more from her even though your medical condition/disability is worse or as bad as those she favors. She is rude, condescending, unprofessional and prejudice. CDOC and DWCF continue to violate my ADA rights, Constitutional Rights and threatens me when I try to get what I need.

28. Defendant Warden Long, Case Managers Team and CI officials denied me educational opportunities, employment & CI jobs that blind offenders have at other facilities;

29. Defendants denied me the ability to exercise, I don't feel safe among general population, I want no retaliation.

30. Ms. Dohr - Law Librian - Access to the court - No Voice Speech program - that works for Blind - Does not read to me.

31. Major Reaur - Denied programs + accessories - Note + minutes for staffing.

32. Should be class Action - 3 Sight Impaired and/or Blind.

4(E)

### E.   PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ___ Yes _X_ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):    N/A

Docket number and court:    N/A

Claims raised:    N/A

Disposition: (is the case still pending? has it been dismissed?; was relief granted?)    N/A

Reasons for dismissal, if dismissed:    N/A

Result on appeal, if appealed:    N/A

### F.   ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

_X_ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

_X_ Yes ___ No (*check one*)

### G. REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

I am asking at least 1 million dollars for defendants failure to provide from me as a blind offender under their care. Or they can release me if they do not want to take care of me.

### H. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

_____
(Date)

(Form Revised December 2017)



Denver, CO PNDC 802
THU 05 NOV 2020 AM

Maria C. Montoya #128065
P.O. Box 392005
3600 Havana Street
Denver, Co 80239

United States District Court
901 - 19th Street
Denver, Co 80294

PWCF — LEGAL MAIL 11/4/2020
DATE REC'D
Taylor 198211
NAME ID#
128065 MONTOYA
DOC # OFFENDER LAST NAME