## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03345-RMR-NYW

MARIA MONTOYA,

     Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS, and
DEAN WILLIAMS, in his official capacity,

     Defendants.

---

## ORDER

---

Magistrate Judge Nina Y. Wang

     This matter is before the court on Defendant's Motion to Conduct Deposition of Incarcerated Inmate Plaintiff Pursuant to Fed. R. Civ. P. 30(a)(2)(B) (the "Motion" or "Motion to Take Plaintiff's Deposition") filed on July 6, 2022.  [Doc. 86].  The court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated August 10, 2021 [Doc. 38], and the Memorandum dated July 6, 2022.  [Doc. 87].  Upon review of the Motion and the applicable case law, the Motion to Take Plaintiff's Deposition is hereby **GRANTED**.

## BACKGROUND

     Plaintiff Maria Montoya ("Plaintiff" or "Ms. Montoya") is a blind woman currently incarcerated within the Colorado Department of Corrections.  [Doc. 52 at ¶ 1].  Plaintiff alleges generally that the CDOC has denied her equal access to services, programs, and activities for which she is qualified and which are available to sighted inmates within the CDOC.  [*Id.* at ¶ 2].  Specifically, she alleges that CDOC has failed to reasonably modify its policies, procedures, and practices to accommodate Plaintiff but failing to provide auxiliary aids and services needed for

her to fully and safely participate in CDOC services, programs, and activities, or has otherwise provided her inadequate accommodations, aids, and services. [*Id.* at ¶ 3]. Plaintiff asserts that through this behavior, Defendants have violated the Americans With Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). [*Id.* at 13-15].

Plaintiff initiated this civil action on November 9, 2020 by filing a pro se Prisoner Complaint, *see* [Doc. 1], and currently proceeds pro se.[1] Defendants filed the instant Motion to Take Plaintiff's Deposition on July 6, 2022. [Doc. 86]. In the Motion, Defendants request leave of court pursuant to Rule 30 of the Federal Rules of Civil Procedure to take the deposition of a deponent—Ms. Montoya—who is confined in prison. [*Id.* at ¶ 1]. Defendants note that the discovery deadline in this case is August 10, 2022, and state that they "will work with the appropriate officials at [Plaintiff's facility] to schedule the deposition." [*Id.* at ¶¶ 2-3]. The court addresses Defendants' request below.[2]

## ANALYSIS

Rule 30 of the Federal Rules of Civil Procedure requires that a party seeking to take a deposition obtain leave of court if the requested deponent is confined in prison. *See* Fed. R. Civ. P. 30(a)(2)(B). The Federal Rules require that "the court <u>must</u> grant leave to the extent

---

[1] On June 17, 2021, counsel moved the court to appoint limited-scope representation of pro bono counsel, seeking to enter a limited appearance to assist Plaintiff in preparing and filing an amended pleading. [Doc. 18]. This motion for limited representation was granted by the Honorable Gordon P. Gallagher. [Doc. 19]. After the filing of a First Amended Complaint, *see* [Doc. 23], counsel moved to withdraw from their limited representation, [Doc. 30], which this court granted after holding a telephonic Status Conference. [Doc. 32]. Thereafter, in July and August 2021, three attorneys entered an appearance on behalf of Plaintiff. *See* [Doc. 34; Doc. 45; Doc. 46]. These attorneys moved to withdraw in November 2021, and their motion was granted on January 24, 2022. [Doc. 69; Doc. 73]. Accordingly, Plaintiff has proceeded pro se in this matter since January 2022.

[2] Although Plaintiff has not responded to the Motion, the court may rule on the Motion without a response from Plaintiff, *see* D.C.COLO.LCivR 7.1(d), and finds it in the interest of judicial economy to do so, given the upcoming discovery deadline.

consistent with Rule 26(b)(1) and (2)," i.e., the court must determine whether (1) the requested discovery is relevant and proportional to the needs of the case, *see* Fed. R. Civ. P. 26(b)(1) (emphasis added), and (2) the frequency and extent of the requested discovery is reasonable, or whether it is unreasonably cumulative or duplicative, could be obtained from some other source that is more convenient, less burdensome, or less expensive, or the requested discovery is outside the scope of Rule 26(b)(1).  *See* Fed. R. Civ. P. 26(b)(2).  Stated another way, "[t]he language of Rule 30(a)(2) *requires* the Court to authorize a deposition unless the deponent is seeking privileged, irrelevant, or unnecessarily costly information." *McGinnis v. Huq*, No. 16-cv-13461, 2017 WL 1044989, at *1 (E.D. Mich. Mar. 20, 2017) (emphasis in original).

The court concludes that a deposition of Plaintiff is likely to produce information that is relevant to this case, is proportional to the needs of the case, and is reasonable in scope.  Plaintiff initiated this action and is a key witness in this case.  As such, "Plaintiff's testimony regarding the facts underlying [her] claims against Defendants is nonprivileged and potentially relevant to both Plaintiff's claims and Defendants' defenses." *Garrett v. Deaz*, No. cv-12-00890-TUC-JGZ, 2016 WL 11678499, at *2 (D. Ariz. July 7, 2016); *see also El-Massri v. New Haven Corr. Ctr.*, No. 3:18-CV-1249 (CSH), 2019 WL 2006001, at *6 (D. Conn. May 7, 2019) ("Plaintiff initiated this action.  Defendants are entitled to inquire into the specifics of, and the bases for, the factual allegations Plaintiff asserts in support of his claims.").  Moreover, "depositions are a regular and common device to develop factual support for a party's claims or defenses." *Davall v. Cordero*, No. 20-cv-1968 JLS (KSC), 2021 WL 4705157, at *2 (S.D. Cal. Oct. 8, 2021) (quotation omitted).  "[I]f the deposition is fairly limited to matters relating to the claims and defenses raised in the case, the deposition is within the scope of permitted discovery." *Anthony v. Cnty. of Santa Clara*, No. 19-cv-08303-LHK-VKD, 2021 WL 4866358, at *1 (N.D. Cal. Sept. 24, 2021).

Finally, the court notes that the Scheduling Order contemplates that Plaintiff will be deposed in this action.  [Doc. 56 at 7].

Accordingly, the court will **GRANT** the Motion to Take Plaintiff's Deposition. Defendants may depose Plaintiff for **one day, not to exceed seven hours**.  *See* Fed. R. Civ. P. 30(d)(1).  Plaintiff's deposition shall occur on or before the discovery deadline of **August 10, 2022**.  Defendants are hereby **ADVISED** that it is their duty to coordinate with Plaintiff's facility to obtain a mutually agreeable time and date for Plaintiff's deposition, <u>as well as to ensure that all necessary accommodations are in place to allow Plaintiff to meaningfully participate in the deposition</u>.  *See Griffin v. Johnson*, No. 1:13-cv-01599-LJO-BAM (PC), 2016 WL 4764670, at *1 (E.D. Cal. Sept. 12, 2016) ("Although the Court is granting leave to Defendants to depose Plaintiff, the Court defers to the prison officials and custody staff at [the facility] regarding their policies and procedures of the manner in which that deposition may be taken.").

## CONCLUSION

It is hereby **ORDERED** that:

(1)    Defendant's Motion to Conduct Deposition of Incarcerated Inmate Plaintiff Pursuant to Fed. R. Civ. 30(a)(2)(B) [Doc. 86] is **GRANTED**;

(2)    Defendants **MAY DEPOSE** Plaintiff Maria Montoya, on or before **August 10, 2022**, for not more than **one day of seven hours**.  The deposition shall be conducted at Denver Women's Correctional Facility, or, if Plaintiff is moved to a different facility subsequent to this Order and prior to the deposition, at Plaintiff's new facility;

(3)    Defendants **SHALL COORDINATE** with Plaintiff's facility to schedule a time and date for Plaintiff's deposition and **SHALL ENSURE** that all necessary

4

accommodations are in place to allow Plaintiff to meaningfully participate in the

deposition; and

(4)      A copy of this Order shall be sent to:

Maria Montoya, #128065
Denver Women's Correctional Facility (DWCF)
P.O. Box 392005
Denver, CO 80239

DATED:  July 6, 2022                                          BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge