IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 20-cv-03345-NYW-STV

MARIA MONTOYA,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS, and
DEAN WILLIAMS, in his official capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the failure of Plaintiff Maria Montoya ("Plaintiff" or "Ms. Montoya") to respond to this Court's Order to Show Cause dated November 9, 2022. [Doc. 111]. For the reasons set forth herein, Plaintiff's claims are **DISMISSED without prejudice** for failure to prosecute, failure to comply with the Local Rules, and failure to comply with a Court order.

### BACKGROUND

Ms. Montoya initiated this civil action *pro se* on November 9, 2020, [Doc. 1], and continues to proceed *pro se*.[1] At the time she initiated this action, Ms. Montoya was incarcerated

---

[1] On June 17, 2021, counsel moved to appoint limited-scope representation of pro bono counsel, seeking to enter a limited appearance to assist Plaintiff in preparing and filing an amended pleading. [Doc. 18]. This motion for limited representation was granted by the Honorable Gordon P. Gallagher. [Doc. 19]. After the filing of a First Amended Complaint, *see* [Doc. 23], counsel moved to withdraw from their limited representation, [Doc. 30], which this Court granted after holding a telephonic Status Conference. [Doc. 32]. Thereafter, in July and August 2021, three attorneys entered an appearance on behalf of Plaintiff. *See* [Doc. 34; Doc. 45; Doc. 46]. These attorneys moved to withdraw in November 2021, and their motion was granted on

in the Denver Women's Correctional Facility ("DWCF"). *See* [*id.* at 2]. Discovery in this case closed on August 17, 2022, *see* [Doc. 97], and Defendants filed a Motion for Summary Judgment on November 7, 2022. [Doc. 111]. Ms. Montoya has not responded to the Motion for Summary Judgment.

Relevant here, on September 28, 2022, the Parties filed a Joint Motion to Modify the Scheduling Order, wherein the Parties represented that Plaintiff "was released from CDOC's custody on or about August 17, 2022." [Doc. 100 at ¶ 2]. This Court entered a Minute Order reminding Plaintiff of her obligation under the Local Rules to keep the Court informed of her current contact information. *See* [Doc. 102]; *see also* D.C.COLO.LCivR 5.1 ("Notice of change of . . . mailing address . . . of an unrepresented prisoner or party shall be filed not later than five days after the change."). Because it appeared from the Joint Motion to Modify the Scheduling Order that defense counsel was in contact with Ms. Montoya, the Court ordered defense counsel to notify her of the contents of the Minute Order. [Doc. 102]. Defense counsel certified to the Court that he informed Ms. Montoya of the Court's Minute Order via email. [Doc. 108 at 5 n.3]. Defendants then filed another Motion to Modify the Scheduling Order, [Doc. 104], and a Motion to Exceed Page Limitations, [Doc. 108], wherein they represented that defense counsel had been unable to reach Plaintiff. [Doc. 104 at ¶ 1; Doc. 108 at ¶ 1]. Defense counsel represented to the Court that it is his understanding that Plaintiff pleaded guilty to a charge in Case Number 2017CR000917 in Mesa County, Colorado on October 27, 2022, but that "it [was] undersigned counsel's understanding that Plaintiff [would] not be returned to CDOC's custody" but would instead "begin serving two years of mandatory parole shortly." [Doc. 108 at ¶ 9].

---

January 24, 2022. [Doc. 69; Doc. 73]. Accordingly, Plaintiff has proceeded *pro se* in this matter since January 2022.

In contravention of the Local Rules and despite this Court's Minute Order, Plaintiff did not file a notice of change of address with the Court. Based on this Court's review of the CDOC's Inmate Locator, Ms. Montoya does not appear to currently be in CDOC custody.

On November 9, 2022, this Court issued an Order to Show Cause, directing Plaintiff to show cause on or before November 30, 2022 why this case should not be dismissed without prejudice for failure to comply with the Local Rules and failure to prosecute. [Doc. 112 at 4]. The Court reminded Plaintiff of her obligation under the Local Rules to maintain current contact information with the Court, and further advised Plaintiff that both the Local Rules of Practice and the Federal Rules of Civil Procedure permit a court to dismiss a case for failure to prosecute, failure to comply with applicable procedural rules, or failure to follow court orders. [*Id.* at 3]. The Court expressly advised Plaintiff that "her failure to respond to th[e] Order to Show Cause may result in dismissal of her claims without prejudice and without further notice from the Court." [*Id.* at 4 (emphasis omitted)].

Because Plaintiff had not provided the Court with her current contact information, the Court ordered Defendants to provide a copy of the Order to Show Cause to Plaintiff at the email address listed in Defendants' Motion for Summary Judgment. [*Id.* at 4–5]. Defendants submitted a Status Report confirming their compliance with the Court's directive. [Doc. 113 at 1, 3]. Legal mail sent to Plaintiff's address on file at DWCF has since been returned to the Court as undeliverable. *See* [Doc. 115; Doc. 116; Doc. 117].

Ms. Montoya did not respond to the Order to Show Cause by the November 30, 2022 deadline. And to date, she has still not provided the Court with her current contact information. Because this case cannot proceed without Plaintiff's participation, dismissal without prejudice is appropriate.

## ANALYSIS

The Local Rules of Practice for the District of Colorado provide that all unrepresented parties must file a notice of change of mailing address within five days of the date of any such change. *See* D.C.COLO.LCivR 5.1(c). Further, under Local Rule 41.1,

> [a] judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCiv R 40.1. Similarly, Rule 41 of the Federal Rules of Civil Procedure provides that a court may dismiss a party's claims if a party "fails to prosecute or comply with [the Federal Rules] or a court order." Fed. R. Civ. P. 41(b). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or a court's orders." *Strauss v. Steele*, No. 20-cv-03464-DDD-MEH, 2022 WL 3975004, at *2 (D. Colo. Sept. 1, 2022) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).

A party's *pro se* status does not exempt her from complying with the procedural rules that govern all civil actions filed in this District—namely, the Federal Rules of Civil Procedure and the Local Rules of Practice for the District of Colorado. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008). The Court plays a neutral role in the litigation process and cannot assume the role of an advocate for the *pro se* party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998).

***Plaintiff's Failure to Prosecute***. The Court finds that Ms. Montoya has failed to comply with Local Rule 5.1 by not informing the Court of any change in her mailing address within five

4

days of that change. The Parties represented that Ms. Montoya was released from CDOC custody "on or about August 17, 2022." [Doc. 100 at ¶ 2]. Thus, over three months have passed since Ms. Montoya's release from custody. Although the Court is mindful of the difficulties that may accompany the transition from incarceration, Plaintiff's failure to keep the Court informed of her current contact information has resulted in the Court's inability to contact Plaintiff and has hindered the progression of this litigation and the resolution of this case on the merits. *See Birdsall v. Lee*, No. 08-cv-00081-WDM-MEH, 2008 WL 4080194, at *2 (D. Colo. Aug. 28, 2008) "[T]he matter is at a standstill without Plaintiff's presence in the case and [she] is the only one who can change the situation."). "Just as Defendant[] [is] burdened by Plaintiff's failure to provide a current address . . . so, too, is the Court." *Almeyda v. Peterson*, No. 08-cv-01778-ZLW-KLM, 2009 WL 1396262, at *3 (D. Colo. May 15, 2009). Plaintiff's failure to follow the Local Rules provides a basis for dismissal of her claims without prejudice. *See Fogle v. Bonner*, No. 09-cv-00962-WYD-BNB, 2010 WL 1780825, at *1 (D. Colo. Feb. 23, 2010), *report and recommendation adopted*, 2010 WL 1780820 (D. Colo. Apr. 30, 2010) (recommending that a case be dismissed due to, in part, the plaintiff's failure to file a notice of change of address).

Additionally, Ms. Montoya has failed to comply with this Court's Order to Show Cause by failing to respond by the November 30, 2022 deadline. Defendants provided Plaintiff a copy of the Order to Show Cause via her known email address, *see* [Doc. 113], and the Court expressly advised Plaintiff in that Order that her failure to respond may result in dismissal of this case without prejudice, without further notice from the Court. [Doc. 112 at 4]. The Court concludes that Ms. Montoya's failure to provide the Court with her current contact information and failure to respond to the Order to Show Cause amounts to a failure to prosecute.

***Dismissal Without Prejudice is Appropriate***. "A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002); *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002). The Court considers five factors when determining whether to dismiss a case under Rule 41(b):

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant, . . . (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, . . . and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (quotations and alterations omitted). "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Id.*

First, the Court concludes that Defendants have been prejudiced by Plaintiff's failure to prosecute in these case, which has been pending for over two years. *See Rogers v. Andrus Transp. Sers.*, 502 F.3d 1147, 1152 (10th Cir. 2007) (a defendant has "a legitimate interest in bringing the matter to closure within a reasonable time."). Defendants have made significant efforts to try to reach Plaintiff in order to ensure the progression of this litigation, to no avail. *See* [Doc. 104 at 1 n.1; Doc. 108 at 1 n.1]. In addition, Defendants have expended public resources participating in discovery and in filing a robust Motion for Summary Judgment. *See* [Doc. 111]. While the common obligations of litigation cannot typically be deemed prejudicial, "the Court finds that Defendants have incurred prejudice in the form of additional time and expense they would not have otherwise incurred." *Session v. Carson*, No. 18-cv-00239-PAB-KLM, 2020 WL 6450444, at *4 (D. Colo. Nov. 3, 2020), *report and recommendation adopted*, 2022 WL 2763462 (D. Colo. July 15, 2022).

Next, the Court concludes that the effective administration of justice has been hindered by Plaintiff's failure to prosecute. The Court has *sua sponte* reminded Plaintiff of her obligation to comply with the Local Rules and has issued an Order to Show Cause with respect to Plaintiff's failure to prosecute, which "necessarily increases the workload of the Court and takes its attention away from other matters deserving of prompt resolution of their issues." *Id.* Under Rule 1 of the Federal Rules of Civil Procedure, this Court is charged with administering the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Without Plaintiff's participation in this case, the Court is unable to meaningfully fulfill this function.

With respect to Plaintiff's culpability, the Court notes that Plaintiff has been reminded of her obligations to comply with Court orders and the Local Rules by this Court and the previous presiding judge on multiple occasions. [Doc. 73; Doc. 102; Doc. 112]. These reminders have been served on Plaintiff. [Doc. 108 at 5 n.3; Doc. 113]. While the Court is mindful of Plaintiff's recent transition from incarceration, Plaintiff has not sought relief from any Court deadlines or otherwise participated in this case, and the Court cannot act as her advocate. *Adler*, 144 F.3d at 672. Thus, the Court concludes that Plaintiff is culpable in her failure to prosecute in this action. In addition, this Court expressly warned Ms. Montoya that her failure to respond to the Order to Show Cause could result in dismissal of her case without further notice. [Doc. 112 at 4].

Finally, the Court concludes that no lesser sanction would be effective. Plaintiff was released from CDOC custody over three months ago and has failed to participate in this case since, and this Court's and defense counsel's numerous attempts to reach Plaintiff have been unsuccessful. There is no indication that Plaintiff would decide to participate in this case if given additional time to update her contact information or respond to the Order to Show Cause.

Based on Ms. Montoya's failure to comply with the Local Rules and this Court's Order to Show Cause, and after consideration of the *Ehrenhaus* factors, the Court concludes that dismissal of this case, without prejudice, is appropriate. D.C.COLO.LCivR 41.1; Fed. R. Civ. P. 41(b); *Shotkin v. Westinghouse Elec. & Mfg. Co.*, 169 F.2d 825, 826 (10th Cir. 1948) (noting a district court's inherent power to dismiss an action for failure to prosecute); *Coad v. Waters*, No. 11-cv-01564-PAB-CBS, 2013 WL 1767788, at *3 (D. Colo. Apr. 5, 2013), *report and recommendation adopted*, 2013 WL 1767786 (D. Colo. Apr. 24, 2013) (recommending dismissal without prejudice based on the plaintiff's failure to file a notice of change of address, failure to respond to an order to show cause, failure to comply with the Local Rules, and failure to prosecute). Accordingly, this case is **DISMISSED without prejudice** for failure to prosecute.

## CONCLUSION

For the reasons set forth herein, it is **ORDERED** that:

(1) This case is **DISMISSED without prejudice** pursuant to D.C.COLO.LCivR 41.1 and Fed. R. Civ. P. 41(b) for failure to prosecute, failure to comply with the Local Rules, and failure to comply with a Court order;

(2) Defendants' Motion for Summary Judgment [Doc. 111] is **DENIED as moot**; and

(3) The Clerk of Court is **DIRECTED** to terminate this case.

DATED: December 8, 2022                     BY THE COURT:

_____
Nina Y. Wang
United States District Judge

8